IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00118-FDW

| | |
|---|---|
| NAPOLEON J. RANKIN BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| FNU QUINTERO, Lieutenant; ) | |
| FNU PENLAND, Lieutenant; ) | **ORDER** |
| FNU WATSON, Captain; ) | |
| FNU CANIPE, Nurse; ) | |
| FNU PRITCHARD, Officer; ) | |
| JOHN DOES, Medical Captain and ) | |
| Sergeant, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

## I.  BACKGROUND

Plaintiff is a prisoner of the State of North Carolina and is presently incarcerated in the Avery-Mitchell Correctional Institution within this District. In his complaint, Plaintiff states that he was transferred to Avery-Mitchell on May 5, 2015, by bus along with both black and white inmates.[1] Defendant Quintero met the inmates upon their arrival and ordered them to disembark and he displayed a "nasty attitude toward African American[s]." (1:15-cv-00118, Doc. No. 1: Compl. at 1). The first two inmates to exit the bus were black and they were ordered to enter a

---

[1] The allegations in the complaint are accepted as true in this initial review.

"search room." Four of the white inmates who exited the bus were placed in a holding room and were given a bag lunch while Plaintiff was not allowed to eat at that time.

While in the search room, Plaintiff asked Defendant Quintero on several occasions if he would search Plaintiff's bag and retrieve Plaintiff's medicine. Defendant Quintero repeatedly refused, acted hostile towards Plaintiff and ordered Plaintiff to return to the search room. Plaintiff then complained that Defendant Quintero had been "hollering" at him since he was ordered off the transfer bus. Plaintiff then talked with Defendant Watson and Captain Tillman about acquiring his medicine but they appeared as though they were not inclined to help African Americans. (Id. at 2-3).

Plaintiff was seen by unidentified nurses within the prison on the day of his arrival and on the two days thereafter but the nurses did not do anything "with H.I.V. pos." (Id.). In all, Plaintiff was denied his medication for two days after his arrival at Avery-Mitchell.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a

clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

III.    DISCUSSION

Although not specifically pled, Plaintiff appears to present a claim under the Eighth Amendment based on his implied contention that the defendants were deliberately indifferent to his serious medical needs by failing to ensure that he promptly received his medication upon his arrival at Avery-Mitchell.

To state an Eighth Amendment claim for deliberate indifference, an inmate must establish two requirements. First, he must allege that a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and second, he must show that the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). In the medical context, an inmate "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). With regard to the objective prong, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999)). With regard to the subjective prong, a prison official is deliberately indifferent if he has actual knowledge of and disregards "the risk posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (citing Farmer, 511 U.S. at 837). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, supra. Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106.

Returning to the present case, the Court will assume that Plaintiff is HIV positive and that he was prescribed medication to treat this serious illness and that one or more of the defendants intentionally withheld his medication for two days. These assumed facts, however, fail to rise to the level of an actionable § 1983 claim because although an intentional delay in medical treatment can give rise to a constitutional violation, Estelle, 429 U.S. at 104-05, Plaintiff's allegations fail to show that Defendants knew that Plaintiff faced a substantial risk of harm and intentionally ignored that risk. Plaintiff did appear to inform one or more defendants that he wanted his medication retrieved from his belongings.[2] However, Plaintiff's allegations, taken as true and in a light most favorable to him, simply fail to state a claim for relief because he never alleges that he explained why he needed the medicine or that he would likely suffer an adverse reaction if he did not immediately receive it. Finally, although Plaintiff names Nurse Canipe as a defendant he only alleges generically that he was seen by "nurses" the first three days he was housed in Avery-Mitchell, and he does not allege that Defendant Canipe was one of those nurses. And even

---

[2] This case was transferred from the Eastern District of North Carolina based on improper venue because the allegations arose in Avery-Mitchell which is within this district. In response to an order entered in the Eastern District, the Clerk's Office mailed Plaintiff the proper § 1983 forms and he submitted a "Corrected Complaint" on those forms although he does not present any materially different allegations. (1:15-cv-00118, Doc. No. 3: Order; Doc. No. 4: Corrected Complaint).

assuming Defendant Canipe was one of those nurses, Plaintiff's claim still fails because he never contends that he informed Canipe, and again, anyone for that matter that he needed the medication to treat a serious medical need.

In sum, it is Plaintiff's burden to demonstrate that one or more of the defendants were deliberately indifferent and that this action, or omission "constitutes the 'unnecessary and wanton infliction of pain'" Estelle, 429 U.S. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)). Plaintiff's allegations fail to meet this standard because he presents no facts that could create an inference that one or more of the defendants were on notice as to the serious nature of his condition, and while the Court is sympathetic that the identity of certain illnesses are sensitive in nature, Plaintiff still has the burden of alleging facts that could support the inference that one or more of the defendants were given proper notice and then failed to take timely action.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. Nos. 1, 4).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 16, 2015

Frank D. Whitney
Chief United States District Judge